Debra L. Wabnik (dw-0944)
David R. Ehrlich (de-9786)
Stagg Wabnik Law Group LLP
401 Franklin Avenue, Ste. 300
Garden City, New York 11530
(516) 812-4550
dwabnik@staggwabnik.com
dehrlich@staggwabnik.com

*Attorneys for Plaintiff*
*Clement M. Soviero, on behalf of himself*
*and other similarly situated employees*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

CLEMENT M. SOVIERO, on behalf of himself
and other similarly situated employees,

                            Plaintiff,

               -against-

CASSARIANO NY, LLC d/b/a CASSARIANO ITALIAN
EATERY, DOMENIC VIGLIOTI, LUCA CASSANI,
ANTONIO PARIANO, DANIEL BAEZ,
and GIANCARLO DIMAGGIO

                        Defendants.
----------------------------------------------------------------x

Docket No.:2:20-cv-4298

**COMPLAINT**

**JURY TRIAL
DEMANDED**

      Plaintiff, Clement M. Soviero ("Plaintiff"), on behalf of himself and other similarly situated employees, by his attorneys, Stagg Wabnik Law Group LLP, complaining of Defendants Cassariano NY, LLC d/b/a Cassariano Italian Eatery ("Cassariano Italian Eatery"), Domenic Viglioti, Luca Cassani, Antonio Pariano, Daniel Baez, and Giancarlo DiMaggio (collectively "Defendants") herein alleges as follows:

      1.      This is an action brought by Plaintiff, on his own behalf and other similarly situated employees, alleging violations of New York Labor Law ("NYLL"), New York Codes,

Rules and Regulations ("NYCRR") and the Fair Labor Standards Act, 29 U.S.C. § 207 (a)(1), *et seq.* ("FLSA").

2.      Plaintiff was a competent and dedicated waiter at Cassariano Italian Eatery for two and one-half years.

3.      In the years Plaintiff worked at Cassariano Italian Eatery, he and other similarly situated employees worked over forty (40) hours per week, but failed to receive compensation for overtime that they were entitled to in violation of state and federal wage laws.  Plaintiff and other similarly situated employees were also told on occasion to not clock in when they reported to work to lower their weekly hours and prevent them from receiving overtime pay, and on occasion were forced to clock out and perform non-tipped work for which they were not compensated.  Finally, when Plaintiff complained about not being paid overtime, he was discharged.

### JURISDICTION, VENUE AND PARTIES

4.      This Court has jurisdiction over the claims set forth herein, as Plaintiff is claiming violations of 29 U.S.C. § 207, *et seq* and 29 U.S.C. § 218, *et seq.*

5.      This Court has jurisdiction over the action under 28 U.S.C. § 1331.

6.      Pursuant to 28 U.S.C. § 1367, this Court has jurisdiction over the state claims for violations of a N.Y. Labor Law 191, 195, 198 (1-b) and 12 NYCRR § 142, *et seq.*, by way of supplemental jurisdiction.

7.      At all relevant times herein, Plaintiff is and was a resident of Nassau County and resides at 188 Parkway Drive, Westbury, New York 11590.

8.      At all relevant times herein, Plaintiff was employed by Defendants as a waiter at Cassariano Italian Eatery located at 348 East Jericho Turnpike, Mineola, New York 11501.

9.    At all relevant times herein, Plaintiff was a covered employee within the meaning of the FLSA, NYLL and NYCRR.

10.    At all relevant times herein, Cassariano Italian Eatery is and was a New York limited liability company with a principal place of business at 348 East Jericho Turnpike, Mineola, New York 11501.

11.    At all relevant times herein Defendant Domenic Viglioti was and is an individual residing in the State of Florida and maintains an address of 9692 Cobalt Cove Cir, Naples, Florida, 34120.

12.    At all relevant times herein, Domenic Viglioti was and is a co-owner of Cassariano Italian Eatery and has taken an active role in managing Cassariano Italian Eatery.

13.    Upon information and belief, at all relevant times, Domenic Viglioti has had the power to hire and fire employees, including Plaintiff and other similarly situated employees, set their wages, set their work schedules, retain time and/or wage records, manage the wait staff, manage the pay schedule and otherwise control the terms and conditions of their employment.

14.    Upon information and belief, at all relevant times Domenic Viglioti had the power to stop any illegal pay practices that harmed Plaintiff and other similarly situated employees.

15.    Domenic Viglioti is a covered employer within the meaning of the FLSA and the NYLL and at all relevant times, employed Plaintiff and other similarly situated employees.

16.    Upon information and belief, Domenic Viglioti is an co-owner and/or shareholder of Cassariano Italian Eatery.

17.    At all relevant times herein, Defendant Luca Cassani was and is an individual residing in the State of Florida and upon information and belief, works at Cassariano Italian

Eatery located at 243 No. Cattlemena Road Sarasota, Florida 34243 and 313 W Venice Ave, Venice, Florida 34285.

18.    At all relevant times herein, Luca Cassani was and is a co-owner of Cassariano Italian Eatery and has taken an active role in managing Cassariano Italian Eatery.

19.    Upon information and belief, at all relevant times, Lucas Cassani has had the power to hire and fire employees, including Plaintiff and other similarly situated employees, set their wages, set their work schedules, retain time and/or wage records, manage the wait staff, manage the pay schedule and otherwise control the terms and conditions of their employment.

20.    Upon information and belief, at all relevant times, Luca Cassani had the power to stop any illegal pay practices that harmed Plaintiff and other similarly situated employees.

21.    Luca Cassani is a covered employer within the meaning of the FLSA and the NYLL and at all relevant times, employed Plaintiff and other similarly situated employees.

22.    Upon information and belief, Luca Cassani is a co-owner and/or shareholder of Cassariano Italian Eatery.

23.    At all relevant times herein Defendant Antonio Pariano was and is an individual residing in the State of Florida and maintains an address of 5301 Saddle Oak TRL, Sarasota, Florida 11501.

24.    At all relevant times herein, Antonio Pariano was and is a co-owner of Cassariano Italian Eatery and has taken an active role in managing Cassariano Italian Eatery.

25.    Upon information and belief, at all relevant times, Antonio Pariano has had the power to hire and fire employees, including Plaintiff and other similarly situated employees, set their wages, set their work schedules, retain time and/or wage records, manage the wait staff, manage the pay schedule and otherwise control the terms and conditions of their employment.

26.     Upon information and belief, at all relevant times Antonio Pariano had the power to stop any illegal pay practices that harmed Plaintiff and other similarly situated employees.

27.     Antonio Pariano is a covered employer within the meaning of the FLSA and the NYLL and at all relevant times, employed Plaintiff and other similarly situated employees.

28.     Upon information and belief, Antonio Pariano is a co-owner and/or shareholder of Cassariano Italian Eatery.

29.     At all relevant times herein Defendant Daniel Baez was and is an individual residing in the State of New York and maintains an address of 94 California Pl S, Island Park, New York 11558.

30.     At all relevant times herein, Daniel Baez was and is a co-owner of Cassariano Italian Eatery and has taken an active role in managing Cassariano Italian Eatery.

31.     Upon information and belief, at all relevant times, Daniel Baez has had the power to hire and fire employees, including Plaintiff and other similarly situated employees, set their wages, set their work schedules, retain time and/or wage records, manage the wait staff, manage the pay schedule and otherwise control the terms and conditions of their employment.

32.     Upon information and belief, at all relevant times Daniel Baez had the power to stop any illegal pay practices that harmed Plaintiff and other similarly situated employees.

33.     Daniel Baez is a covered employer within the meaning of the FLSA and the NYLL and at all relevant times, employed Plaintiff and other similarly situated employees.

34.     Upon information and belief, Daniel Baez is a co-owner and/or shareholder of Cassariano Italian Eatery.

35.     At all relevant times herein Defendant Giancarlo DiMaggio was and is an individual residing in the State of New York and maintains an address of 14 Woodhollow Road, Smithtown, New York 11787.

36.     At all relevant times herein, Giancarlo DiMaggio was and is a co-owner of Cassariano Italian Eatery and has taken an active role in managing Cassariano Italian Eatery.

37.     Upon information and belief, at all relevant times, Giancarlo DiMaggio has had the power to hire and fire employees, including Plaintiff and other similarly situated employees, set their wages, set their work schedules, retain time and/or wage records, manage the wait staff, manage the pay schedule and otherwise control the terms and conditions of their employment.

38.     Upon information and belief, at all relevant times Giancarlo DiMaggio had the power to stop any illegal pay practices that harmed Plaintiff and other similarly situated employees.

39.     Giancarlo DiMaggio is a covered employer within the meaning of the FLSA and the NYLL and at all relevant times, employed Plaintiff and other similarly situated employees.

40.     Upon information and belief, Giancarlo DiMaggio is a co-owner and/or shareholder of Cassariano Italian Eatery.

41.     At all relevant times herein Defendant Domenic Viglioti was and is an individual residing in the State of Florida and maintains an address of 9692 Cobalt Cove Cir., Naples, Florida 34120.

42.     At all relevant times herein, Domenic Viglioti was and is a co-owner of Cassariano Italian Eatery and has taken an active role in managing Cassariano Italian Eatery.

43.     Upon information and belief, at all relevant times, Domenic Viglioti has had the power to hire and fire employees, including Plaintiff and other similarly situated employees, set

their wages, set their work schedules, retain time and/or wage records, manage the wait staff, manage the pay schedule and otherwise control the terms and conditions of their employment.

44.    Upon information and belief, at all relevant times Domenic Viglioti had the power to stop any illegal pay practices that harmed Plaintiff and other similarly situated employees.

45.    Domenic Viglioti is a covered employer within the meaning of the FLSA and the NYLL and at all relevant times, employed Plaintiff and other similarly situated employees.

46.    Upon information and belief, Domenic Viglioti is a co-owner and/or shareholder of Cassariano Italian Eatery

47.    At all relevant times herein, Defendants are covered employers within the meaning of the FLSA, NYLL and NYCRR.

48.    Venue in this Court is proper based upon 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claims for relief occurred within the State of New York and within the Eastern District of New York.

## STATEMENT OF FACTS

49.    Defendants hired Plaintiff in or about June 2016 as a server for Defendant restaurant.

50.    As a server for Defendants, Plaintiff worked between fifty-five (55) and sixty-five (65) hours per week for approximately two and one-half years.

51.    Plaintiff was often the only waiter during the lunch shift, and also worked the dinner shift most nights.

52.    Defendants intentionally failed to pay Plaintiff overtime, i.e., one and one-half times his rate of pay, for the hours worked over 40.

53.     Defendants also regularly told Plaintiff not to clock in or to clock in under another employee's identification number or an unused or "dead" number, to keep Plaintiff from obtaining more than 40 hours on Defendants' records.  In addition, when Plaintiff arrived to work for the lunch shift, he was told not to clock in until the first table arrived, which resulted in Plaintiff sometimes working one or two hours before being allowed to clock in.

54.     For parties where the customers paid in cash, Defendants told Plaintiff and other staff not to clock in at all, which further prevented Plaintiff and others from obtaining more than 40 hours on Defendants' records.

55.     Defendants kept time records on a computer using a three-digit employee identification number.  This system allowed Defendants and management to change or alter the time put into the system by the employee.

56.     Upon information and belief, Defendants regularly changed the time entries put into the system by Plaintiff to limit his hours and try to keep his hours below 40 per week.

57.     In those instances where Defendants, upon information and belief, changed Plaintiff's time entries, Plaintiff was neither paid for the hours worked nor at the premium overtime rate of time and one-half for those hours.

58.     This practice by Defendants of suppressing Plaintiff's recorded hours and not paying Plaintiff the proper wages was perpetrated against Plaintiff for the entire time he was employed by Defendants.

59.     Defendants also failed to furnish Plaintiff with the statutorily required wage information notice as set forth under New York's Wage Theft Prevention Act.

60.     Pursuant to 12 NYCRR § 142-2.2 and 29 U.S.C. § 207(a)(1), an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate.

Further, pursuant to New York Labor Law § 191, 12 NYCRR § 142 and the federal wage laws, an employee must be paid for all hours worked, and at a rate not less than the applicable minimum wage.

61.     To the extent Defendants paid Plaintiff a wage for hours worked, they did so by claiming a tip credit and paying Plaintiff at a rate below New York's minimum wage.

62.     Defendants were not entitled to claim a tip credit because they failed to notify Plaintiff in writing that they were going to claim such tip credit, as required under 12 NYCRR § 146-2.2 and 29 U.S.C. 203(m).

63.     Plaintiff was also regularly directed to perform non-tipped work, yet was paid at a rate below the minimum wage because Defendants improperly claimed a tip credit when Plaintiff performed non-tipped work in violation of the state and federal wage laws.

64.     As a result of Defendants' violation of 12 NYCRR § 146-2.2 and 29 U.S.C. 203(m), Plaintiff was not compensated at the proper minimum wage rate for the hours that he worked throughout the course of his employment.

65.     In or about April, May and June 2018, Plaintiff was working approximately 65 hours per week and not receiving overtime pay, i.e., the pay for many hours Defendants refused to record or altered in their system to lessen Plaintiff's total weekly hours, and not at the overtime rate.  He approached management about this and was told Defendants "will get to it" and we "will take care of you."  However, Defendants never did.  Rather, on an arbitrary occasion or two, Defendants gave Plaintiff $50 cash purportedly for the extra hours he was working, but that extra payment or two did not come close to compensating Plaintiff for all of his work performed.

66.     At that time, Plaintiff was able to sense that Defendants were unhappy with his inquires, and to keep his job, he did not immediately pursue it further.

67.    When Plaintiff was working approximately 65 hours per week toward the end of 2018, he approached management again about not receiving pay for overtime and for all of his hours worked.   This time Defendants Luca Cassani and Giancarlo DiMaggio blatantly told Plaintiff, "we don't pay overtime."   Plaintiff conveyed his objection and upset at Defendants' claim that they do not pay overtime.

68.    Plaintiff worked through the 2018 holiday season and then took a vacation.  Shortly after he returned, Defendants discharged Plaintiff even though he was the hardest working and most reliable server in the restaurant.

69.    Defendants discharged Plaintiff in retaliation for his complaints relating to Defendants' failure to comply with the federal and New York wage and hour laws.

70.    Defendants' discharge of Plaintiff violates 29 U.S.C. § 215(a)(3) and New York Labor Law § 215.

<u>**Collective Action Allegations**</u>

71.    Plaintiff brings this action individually, and on behalf of all other and former similarly situated servers who have been or are employed by the Defendants for up to the last six years, through the entry of judgment in this case ("Collective Action Members").

72.    Defendants suffered and permitted Plaintiff and the Collective Action Members to work more than forty (40) hours per week without the appropriate overtime compensation in violation of 29 U.S.C. § 207(a)(1); 12 NYCRR § 142-2.2.  Defendants limited the hours recorded by Plaintiff and Collective Action Members, which deprived Plaintiff and Collective Action Members pay for certain hours worked and at the overtime rate.

73.    Plaintiff knows this was the case because he was not paid for all hours worked and was not paid the overtime rate for all hours over 40.

74.     Plaintiff knew this was Defendants' policy and practice because Defendants Luca Cassani and Giancarlo DiMaggio explicitly stated that the restaurant does not pay overtime when Plaintiff complained about not receiving pay for hours worked or overtime.  Indeed, Cassani and DiMaggio stated that they do not pay overtime in any of the restaurants that they own.

75.     Plaintiff also had direct conversations with other servers at the restaurant while he was employed there who confirmed that they also did not receive overtime pay or pay for all hours worked, including an employee named "Bridget," "Rudy," "Juan Carlos" and "Milton."

76.     Plaintiff conversed with a current employee of Defendant restaurant named "Nick," who previously worked alongside Plaintiff when Plaintiff was working at Defendant restaurant. During a conversation after Plaintiff was discharged in retaliation for making complaints about wage violations, Nick thanked Plaintiff, stating in sum and substance, "because of you [Plaintiff], the restaurant is finally paying the servers for all their hours and for overtime."  The purported change occurred only after Defendants received a letter from Plaintiff's attorney notifying them of the wage and hour violations. That statement by "Nick" demonstrates that prior to Plaintiff's letter from his lawyer and during the entire time Plaintiff worked for Defendants, Defendants did not pay their servers for all hours worked or for overtime.

77.     Plaintiff and the Collective Action Members were not provided with the wage information sheets in violation of N.Y. Labor Law 195.  Plaintiff knows this because he did not receive any such notice and when he greeted and trained new servers, he did not ever observe such form being given to them.  Also, Plaintiff specifically asked former servers John Arsena and "Rudy" if they received the legally required wage notice, and both said that they did not.

78.     Plaintiff and the Collective Action Members, when they received wages, were paid at a rate below the New York minimum wage because Defendants took a tip credit.  Plaintiff

knows this because his hourly rate of pay was below the minimum wage and explicitly discussed wages and pay with other servers who also confirmed that Defendants took a tip credit.

79.    Defendants took the tip credit in paying Plaintiff and the Collective Action Members even though Defendants failed to provide the legally required written notice to Plaintiff and the Collective Action Members.  Plaintiff knows this because he never received any such notice, and when he greeted and trained new employees, he never observed the new employees receiving any such notice.  Plaintiff also asked former servers John Arsena and "Rudy" if they received written notice regarding the tip credit, and they both said they did not receive such notice.

80.    Plaintiff and the Collective Action Members were also instructed to perform non-tipped work at the tipped-employee minimum wage rate.  Plaintiff observed himself and other servers performing non-tipped work, and confirmed with other servers that the rate of pay for all of their hours worked was at a rate below the minimum wage, i.e., Defendants took a tip credit for non-tipped work being performed.

81.    Plaintiff and the Collective Action Members were also responsible for paying part of their tips to the bus personnel, yet Plaintiff and the Collective Members were responsible to pay taxes on the portion of tips provided to the bus personnel.

82.    The Collective Action Members are so numerous that the joinder of all members is impracticable.  Defendants employed numerous servers and the identity and precise number of such persons are presently within the sole control of Defendants.  As such, Plaintiff submits that this case should be certified as a collective action under FLSA, 29 U.S.C. 216(b).

83.    Plaintiff and the Collective Action Members all fit into a clear and defined category as servers employed by Defendants, who: (1) did not receive overtime pay; (2) did not receive pay for hours worked when under other identification numbers or when they were told not to clock in;

(3) were paid an hourly rate below the minimum wage even though they did not receive the legally required written tip credit notification; (4) performed non-tipped work at a rate below the minimum wage; and (5) did not receive the legally required wage notification form.  The claims of Plaintiff and the Collective Members as described immediately above are nearly identical.

84.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the field of employment law and collective action litigation.  Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

85.    A collective action is necessary because the prosecution of separate actions by individual members would risk creating either inconsistent or varying adjudication with respect to individual members of this class.

86.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, in as much as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

**AS A FIRST CAUSE OF ACTION**
**FOR FAILURE TO PAY WAGES AND FOR FAILURE TO PAY OVERTIME**
**WAGES UNDER FAIR LABOR STANDARDS ACT**

87.    Plaintiff and Collective Action Members repeat and reallege each and every allegation made in the above paragraphs of this complaint as if set forth herein more fully at length.

88.    Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

89.     At all relevant times, Defendants are and continue to be an "employer" within the meaning of N.Y. Labor Law 651.

90.     At all times relevant to this action, Defendants were employers that engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

91.     Defendants willfully failed to pay Plaintiff and the Collective Action Members overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff and the Collective Members was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

92.     Defendants also willfully failed to pay Plaintiff and the Collective Action Members for the hours worked, whether over 40 or not, by directing them not to record such hours in their system or to put in their hours under unused identification numbers.

93.     Defendants violations of the FLSA as described in this Complaint have been willful and intentional.  Defendants have not made a good effort to comply with the FSLA with respect to the compensation of the Plaintiff.

94.     Due to the Defendants FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FSLA, specifically 29 U.S.C. §216(b).

## AS A SECOND CAUSE OF ACTION FOR VIOLATION
## OF THE NEW YORK LABOR LAW AND 12 NYCRR § 142

95.     Plaintiff and Collective Action Members repeat and reallege each and every allegation made in the above paragraphs of this complaint as if set forth herein more fully at length.

96.     Defendants willfully failed to pay Plaintiff and the Collective Action Members overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff and the Collective Members were entitled under 12 NYCRR § 142-2.2.

97.     Defendants also willfully failed to pay Plaintiff and the Collective Action Members for the hours worked, whether over 40 or not, by directing them not to record such hours in their system or to put in their hours under unused identification numbers, in violation of 12 NYCRR § 142 and New York Labor Law § 191.

98.     Defendants violations of the New York Labor Law and NYCRR as described in this Complaint have been willful and intentional.  Defendants have not made a good effort to comply with the New York Labor Law and NYCRR with respect to the compensation of the Plaintiff.

99.     Due to Defendants violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to, *inter alia*, New York Labor Law § 198.

### AS A THIRD CAUSE OF ACTION
### FOR VIOLATION OF LABOR LAW § 195

100.    Plaintiff and Collective Action Members repeat and reallege each and every allegation made in the above paragraphs of this complaint as if set forth herein more fully at length.

101.    N.Y. Labor Law § 195(1) requires an employer, such as Defendants, to provide written notice to employees of their rate of pay and overtime rate either at the time of hire, or when this law went into effect.

102.    That law also requires that Defendants provide the employees with notice of the allowances taken as part of the minimum wage such as tip, meal and lodging deductions, as well as other information.

103.    Defendants failed to provide Plaintiff with any written notice in violation of N.Y. Labor Law § 195.

104.    Upon information and belief, all other wait staff were not provided with written notice of their rate of pay or overtime rate.

105.    As a result, Defendants violated NY Labor Law § 195, and Plaintiff and the Collective Action Members should be awarded damages allowable under that statute, including, but not limited to, attorney's fees under New York Labor Law §§ 195 and 198.

### AS A FOURTH CAUSE OF ACTION FOR FAILURETO PAY MINIMUM WAGE BY IMPROPERLY CLAIMING TIP CREDIT

106.    Plaintiff and Collective Action Members repeat and reallege each and every allegation made in the above paragraphs of this complaint as if set forth herein more fully at length.

107.    At all times, when Defendants paid Plaintiff and the Collective Action Members wages for their work, they paid them at a rate below minimum wage set forth by New York.

108.    Defendants paid Plaintiff and the Collective Action Members at a rate below the New York minimum wage by taking a tip credit.

109.    Defendants failed to provide Plaintiff or any of the Collective Action Members written notice of their intention or practice of taking a tip credit and paying Plaintiff and the Collective Action Members below the New York minimum wage.

110.    Defendants violated 12 NYCRR Part 146-2.2 and 29 U.S.C. 203(m) by claiming a tip credit without providing Plaintiff or the Collective Action Members with the legally required notice.

111.    Plaintiff and the Collective Action Members also were forced to perform non-tipped work yet received an hourly rate below the minimum wage because Defendants improperly applied a tip credit.

112.    As a result, Plaintiff and the Collective Action Members were not paid the minimum wage for all hours worked in violation of, *inter alia*, 12 NYCRR § 142, and are entitled to unpaid wages and an equal amount in the form of liquated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to, *inter alia*, New York Labor Law § 198.

## AS A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF FOR RETALIATION IN VIOLATION OF NEW YORK LABOR LAW § 215

113.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth herein more fully at length.

114.    Plaintiff complained several times to Defendants about not being paid properly, and in particular, not being paid for hours worked, and not being paid at the proper overtime rate.

115.    When confronted with Plaintiff's complaints, Defendants told him that they "don't pay overtime."

116.    Toward the end of 2018, when Plaintiff worked no less than 65 hours per week during the holiday season, he reasserted his complain to management about not being paid for hours worked and not at the proper overtime rate.

117.    Approximately two weeks after the holiday season ended, Defendants discharged Plaintiff in retaliation for complaining about Defendants' wage and hour law violations.

118.    Defendants retaliatory action violated Section 215 of the New York Labor Law.

119.    As a result of this violation, Plaintiff is entitled to lost compensation, back pay, front pay, emotional distress damages, as well as liquidated and punitive damages, and reasonable attorney's fees and costs.

## JURY DEMAND

120.    Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff and the Collective Action Members respectfully request a judgment against Defendants:

A.    That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B.    Declaring that Defendants engaged in unlawful employment practice prohibited by New York Labor Laws, New York Codes, Rules and Regulations, the Fair Labor Standards Act, and state common law;

C.    Awarding damages to Plaintiff and the Collective Action Members for all lost wages, and unpaid wages and benefits resulting from Defendants' unlawful employment practices;

D.    Awarding Plaintiff and the Collective Action Members liquidated damages, penalties and punitive damages based on Defendants' violations of the New York Labor Laws, New York Codes, Rules and Regulations, the Fair Labor Standards Act, and state common law;

E.    Awarding Plaintiff attorney's fees, costs, and expenses; and

F.    Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated:   Garden City, New York
         September 14, 2020

                                    Stagg Wabnik Law Group LLP


                           By:   /s/ David R. Ehrlich
                                    Debra L. Wabnik (dw-0944)
                                    David R. Ehrlich (de-9786)
                                    *Attorneys for Plaintiff*
                                    *Clement M. Soviero, on behalf of himself*
                                    *and other similarly situated employees*
                                    401 Franklin Avenue, Suite 300
                                    Garden City, New York 11530
                                    (516) 812-4550

TO:     Cassariano NY, LLC d/b/a Cassariano Italian Eatery
      348 E. Jericho Turnpike
      Mineola, New York 11501

      Mr. Luca Cassani
      Cassariano Italian Eatery
      243 No. Cattlemena Road
      Sarasota, Florida 34243

      Mr. Luca Cassani
      Cassariano Italian Eatery
      313 W Venice Ave
      Venice, Florida 34285

      Mr. Antonio Pariano
      5301 Saddle Oak TRL
      Sarasota, Florida 34241

      Mr. Daniel Baez
      94 California Pl S
      Island Park, New York 11558

      Mr. Giancarlo DiMaggio
      14 Woodhollow Road
      Smithtown, New York 11787

      Domenic Viglioti
      9692 Cobalt Cove Cir
      Naples, Florida 34120